UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY J. LAHRMAN, individually and as Founder/President of Automotive Hardware Services, Inc., and Indiana Corporation, et al., | |
| Plaintiffs | |
| vs. | CAUSE NO: 3:08-CV-354-RM |
| KENNETH SCHEIBENBERGER, individually and as Court-Appointed Guardian for, and on behalf of, TJL, et al., | |
| Defendants | |

OPINION AND ORDER

Timothy Lahrman, a *pro se* plaintiff, has submitted a complaint, motion for leave to proceed in forma pauperis, application for the appointment of a special master, application for the appointment of a corporate receiver, and an emergency motion for a temporary restraining order. Mr. Lahrman's claims relate to state court proceedings in Allen County Superior Court. Mr. Lahrman maintains that his court-appointed guardian ad litem and others violated his rights in connection with state court proceedings stemming from his involuntary psychiatric commitment in January 1987.

A federal court's authority to hear a case – its subject matter jurisdiction – is limited, and a court has an obligation to inquire into its own subject matter jurisdiction. *See* Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007);

Weaver v. Hollywood Casino-Aurora, Inc., 255 F.3d 379, 381 (7th Cir. 2001). If there is no jurisdiction, the case must be dismissed. *See, e.g.*, United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000) ("No court may decide a case without subject matter jurisdiction . . . ."); Garry v. Geils, 82 F.3d 1362, 1364 (7th Cir. 1996) ("We can address the plaintiff's . . . claim only if we have jurisdiction to do so.").

The Rooker-Feldman doctrine limits the federal district courts' authority to review state court judgments and related claims. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923 ).Simply put, the Rooker-Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2000); Long v. Shorebank Dev. Corp., 182 F.3d 548, 555 (7th Cir. 1999) (citation omitted) (noting that the pivotal inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim."). Because the doctrine concerns the court's subject matter jurisdiction, it takes precedence over other legal issues and the merits of the case because, when it applies, the court has no authority to consider the merits or to do anything else. *See* Garry v. Geils, 82 F.3d at 1365 ("Where Rooker-Feldman applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

Mr. Lahrman's alleged injuries stem from actions in state court proceedings. Mr. Lahrman contends that after he was involuntarily committed to a psychiatric hospital by order of the Allen County Superior Court, his brother, defendant Scott Lahrman, brought an action to dissolve Automotive Hardware Service, Inc., a corporation in which both Timothy and Scott Lahrman held stock and Timothy Lahrman served as president. As part of this action, the state court appointed Kenneth Scheibenberger as Mr. Lahrman's guardian ad litem. Mr. Lahrman now contends that Mr. Scheibenberger failed to properly account for the trust and fraudulently caused Mr. Lahrman to relinquish his interest in Automotive Hardware Services. He also claims that his ex-wife, defendant Julie Murphy, and her legal counsel, defendant Nancy Boyer, fraudulently acquired trust properties in connection with marital dissolution and child support proceedings in Allen County Superior Court.

Mr. Lahrman requests that the court declare that a guardianship relationship exists, that Mr. Lahrman has legally enforceable rights, privileges, and immunities under the guardianship relationship, that by virtue of the intentional acts or omissions of his court-appointed guardian, the guardianship has been "forfeited, repudiated, and abandoned," and that any contracts and agreements entered into at the guardian's request are void. Mr. Lahrman also requests the court to declare that a constructive trust exists against all defendants who took possession of Mr. Lahrman's property in violation of Indiana law and moves the court to appoint a special master and corporate receiver to represent

his interests. Further, Mr. Lahrman asks the court to issue an emergency temporary restraining order directing the defendants to refrain from disposing, secreting, transferring, altering, or changing the character of the property at issue.

While Mr. Lahrman alleges actions that he claims have deprived him of his constitutional rights, those injuries are inextricably tied to determinations made by the Allen County Superior Court in proceedings that occurred nearly twenty years ago. District courts don't have the authority to hear a case that in essence is an appellate-like review of a state court determination, and a party may not seek review of a state court determination by simply casting the claim as a civil rights issue. Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993). Accordingly, the Rooker-Feldman doctrine prohibits this court's review of the propriety of the state court-appointed guardianship over Mr. Lahrman's property.

Moreover, Mr. Lahrman's complaint doesn't properly allege the existence of diversity jurisdiction under 28 U.S.C. § 1332. In particular, Mr. Lahrman lists Automotive Hardware Services as both a plaintiff and a defendant in the action and states that, while its business affairs are conducted outside of Indiana, it is a registered Indiana corporation. Mr. Lahrman additionally doesn't indicate the citizenship of any of the other parties. *See* Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) (noting the necessity of identifying the citizenship of the parties in diversity cases). Accordingly, the case is also subject to dismissal on this grounds. United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000).

4

For the reasons stated, the court DENIES Mr. Lahrman's emergency motion for temporary restraining order [Doc. No. 5], and DENIES as moot his motion for leave to proceed in forma pauperis [Doc. No. 2], verified application for the appointment of a special master [Doc. No. 3], and verified application for the appointment of a corporate receiver [Doc. No. 4]. This case is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

Entered:  August 14, 2008

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court

cc:  T. Lahrman