UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY J. LAHRMAN, individually and as Founder/ President of Automotive Hardware Services, Inc., and Indiana Corporation, et al., | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | CAUSE NO: 3:08-CV-354 RM |
| KENNETH SCHEIBENBERGER, individually and as Court-Appointed Guardian for, and on behalf of, TJL, et al., | ) ) ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Timothy Lahrman filed a motion to reconsider and correct the court's August 14 opinion and order denying Mr. Lahrman's emergency motion for a temporary restraining order and dismissing the case for lack of subject matter jurisdiction. Mr. Lahrman didn't bring his motion to reconsider pursuant to any of the Federal Rules of Civil Procedure; because his motion challenges the merits of the district court's decision, that it must fall under Rule 59(e) or Rule 60(b). United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1993). Rule 59(e) encompasses a motion to reconsider based upon errors of law; Rule 60(b) governs a motion to reconsider based upon mistake, inadvertence, surprise, or excusable neglect. See McKinney v. United States, 2008 WL 2557470, at *2 (S.D. Ill. June, 24, 2008); see also Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008)

("[W]hether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or the label affixed to it.") (*citing* Borrero v. City of Chicago, 456 F.3d 698, 701-702 (7th Cir. 2006)).

A court may grant a Rule 59(e) motion to alter or amend a judgment if the movant presents newly discovered evidence that was unavailable at the time of the decision or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. Sigsworth v. City of Aurora, 487 F.3d 506, 511-512 (7th Cir. 2007); Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) ("Manifest error isn't demonstrated by the disappointment of the losing party . . . [i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Under Rule 60(b), on the other hand, the court may relieve a party from judgment for several enumerated reasons, including mistake as well as "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." United States v. 8136 S. Dobson St., Chicago, Ill., 125 F.3d 1076, 1082 (7th Cir. 1997) (*quoting* Dickerson v. Bd. of Educ., 32 F.3d 1114, 1116 (7th Cir. 1994)).

Mr. Lahrman hasn't met his burden under either Rule 59(e) or 60(b). He argues that the court's holding that the Rooker-Feldman doctrine prohibits review of his claims is clearly erroneous, but points to no manifest error of law that necessitates reconsideration of the August 14 order. Likewise, Mr. Lahrman can't

show that the court's dismissal of his case for lack of diversity jurisdiction was based on a misapplication of controlling precedent. Moreover, Mr. Lahrman hasn't provided evidence of mistake or extraordinary circumstances sufficient to justify relief under Rule 60(b). Accordingly, the court DENIES Mr. Lahrman's motion to reconsider [Doc. No. 8].

SO ORDERED.

Entered:  September 23, 2008 

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: T. Lahrman